NEW YORK COUNTY.—HON. D. G. ROLLINS, SURRO-GATE.—December, 1886.

MATTER OF TIETJEN.

*In the matter of the estate of* JOHN G. TIETJEN, *deceased.*

Testator's will gave his entire estate to the executors in trust for the benefit of his widow for life, with remainder to his children.  The executors having recovered a judgment against a debtor to the estate, upon which the latter had paid, from time to time, certain sums not in excess of the interest due thereon, without directions as to the mode of its application, the widow presented a petition praying that the amount so paid be turned over to her, as interest and income belonging to her under the will.—

*Held,* that though, as between the debtor and the estate, the money in question might be deemed to have been paid as interest, and not in reduction of principal, the same must, as between the widow and the children, be regarded as *corpus* and not income, and that the prayer of the petition must be denied.

APPLICATION by Anna R. Tietjen, decedent's widow, to compel payment to her of moneys alleged to be due and payable to her under decedent's will.

ROBERT W. TODD, *for petitioner.*

JACOB F. MILLER, *for executors.*

THE SURROGATE.—By the second clause of his will, this testator gives all his estate, real and personal, to his executors in trust, to collect the rents of the realty, and to invest and keep invested the personal estate in bonds and mortgages, or in stocks or bonds of the City or State of New York, or of the Government of the United States; to collect the interest and divi-

dends thereon, and to apply the rents, income, interest, etc., to the use of his wife during her life.    Upon her death, the entire estate is given in remainder to such of the children of the testator as shall be then living.

In September, 1880, the executors recovered a judgment in the Supreme court against one Lichten for the sum of $2,600 and upwards.    Lichten has, from time to time, at irregular intervals, and in varying amounts, paid on this judgment the sum of $560.    No one of the payments has been in excess of the amount due as interest on the judgment.

An application is now made in behalf of the widow, that the executors be directed to turn over to her the aforesaid sum of $560, as interest and income to which she is entitled under the will.    It appears by the affidavit of one of the executors that an execution issued on the judgment in question soon after its recovery, was returned unsatisfied ; that several sums amounting in all to the $560, subsequently paid by the judgment debtor, were paid without any direction as to their application to the discharge of his indebtedness.    The respondent insists that the entire amount must be treated as principal to be invested, and that the petitioner is only entitled to the income thereon.

It does not appear that an execution issued against Lichten would be of any more avail now than was that which was returned unsatisfied in 1880 ; and if Lichten should die to-day, the $560 he has already paid would represent the entire interest of the *cestuis que trustent* for life and of the remaindermen in the avails of the judgment against him.

It seems to me, therefore, that, even if counsel for

the petitioner is correct in claiming that as between Lichten and this estate the moneys he has paid should be deemed to have been paid as interest and not in reduction of the principal, nevertheless they must be deemed as between the testator's widow and children to be corpus and not income.

It was doubtless the intention of the testator that his children should enjoy, at their mother's death, whatever she had herself enjoyed theretofore; and if, while she is yet alive, Lichten shall discharge his indebtedness to the estate, an occasion will arise for some readjustment of the respective interests of herself and her children in the proceeds of this judgment.

At present, her petition must be wholly denied.